**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JASON BENNETT, on behalf of himself and all others similarly situated,** | **Civil Action No. 14-21** |
| **Plaintiff,** | **CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. §227** *et seq.* **(TELEPHONE CONSUMER PROTECTION ACT).** |
| v. | |
| **TAX DEFENSE NETWORK, INC. and LEAD GENERATION TECHNOLOGIES, INC.,** | **PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.** |
| **Defendants.** | |

## **COMPLAINT**

This case arises from the intentional and repeated efforts of Defendants to markets the services of Defendant, Tax Defense Network, Inc. to "leads" generated by Defendant, Lead Generation Technologies, Inc., in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. (hereinafter referred to as the "TCPA") by utilizing an "automatic telephone dialing system," as defined un 47 U.S.C. §227(a)(1), to place "telemarketing calls" or "telephone solicitation" calls to Plaintiff, and all others similarly situated (hereinafter referred to as "Class Members") on their cellular telephones without obtaining "prior express written consent," as defined by 47 C.F.R. §64.1200(a)(2). Plaintiff and Class Members now come to this Honorable Court seeking injunctive relief, a judgment against Defendants for violations of the TCPA as set forth in the statute, the costs incurred in this action, and for such other, further and different relief to which Plaintiff and Class Members may be entitled under the circumstances, and as more

specific grounds therefore, Plaintiff and Class Members allege on personal knowledge, investigation of undersigned counsel, and on information and belief as follows:

## NATURE OF CASE

This case involves a scheme whereby Defendant, Lead Generation Technologies, Inc., utilizes various nationwide marketing techniques to drive consumers to its web site, www.Tax10000.com. Consumers that visit the www.Tax10000.com website will complete a "lead form" through which the consumer discloses his first name, last name, address, telephone number, and email address. The www.Tax10000.com web page, however, contains no disclosure that the consumer's contact information will used by Defendants' autodialer to place repeated telemarketing calls to his cellular telephone.

The consumer's contact information is then provided by Defendant, Lead Generation Technologies, Inc., on a "cost-per-lead" basis, to Defendant, Tax Defense Network, Inc. Defendant, Tax Defense Network, Inc. (and/or Defendant, Lead Generation Technologies, Inc. on behalf of Defendant, Tax Defense Network, Inc.) then utilizes the consumer's contact information, in connection with an autodialer, to make repeated telemarketing calls to the consumer's cellular telephone without the consumer's "prior express written consent," as defined by 47 C.F.R. §64.1200(a)(2), in violation of the TCPA.

## PARTIES

### PLAINTIFF

1.      Plaintiff, Jason Bennett (herein after referred to as "Plaintiff"), is a natural person who is a resident of Baldwin County, Alabama, and is in excess of 19 years of age.

2.      Plaintiff is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

**DEFENDANTS**

3. Defendant, Tax Defense Network, Inc. (hereinafter sometimes individually referred to as "TDN"), is a Florida corporation with its principal place of business in Jacksonville, Florida. Defendant solicits business from residents of Alabama, provides its services to residents of Alabama, and otherwise does business in Alabama.

4. Defendant TDN is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

5. Defendant, Lead Generation Technologies, Inc. (hereinafter sometimes individually referred to as "LGT"), is a Delaware corporation with its principal place of business in Newport Beach, California. Defendant solicits business from residents of Alabama, and otherwise does business in Alabama.

6. Defendant LGT is, and at all relevant times was, a "person" as that term is defined by 47 U.S.C. §153(39).

7. TDN and LGT are hereinafter sometimes collectively referred to as "Defendants."

**JURISDICTION AND VENUE**

8. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

9. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 (hereinafter referred to as the "CAFA"), codified as 28 U.S.C. §1332(d)(2). The matter in controversy exceeds $5,000,000.00, in the aggregate, exclusive of interest and costs, as each member of the proposed Class, of at least thousands, is entitled to damages of up to

$1,500.00 for each call made by Defendants in violation of the TCPA.  Further, Plaintiff alleges a national class, which will result in at least one Class member from a different state.

10.     This Court has Federal Question jurisdiction pursuant to 28 U.S.C. §1332 *et seq.* and 47 U.S.C. §227 *et seq.*

11.     This Court has personal jurisdiction over TDN because it solicits business from residents of Alabama, provides its services to residents of Alabama, otherwise does business in Alabama, and the conduct at issue in this case occurred, among other locations, in Baldwin County, Alabama.

12.     This Court has personal jurisdiction over LGT because it solicits business from residents of Alabama, otherwise does business in Alabama, and the conduct at issue in this case occurred, among other locations, in Baldwin County, Alabama.

13.     Venue is proper in the United States District Court for the Southern District of Alabama, Southern Division, because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because Defendants' contacts with this District are sufficient to subject them to personal jurisdiction.  *See* U.S.C. §1391.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §227

**Using an ATDS to place telemarketing calls to cellular telephones without the contacted party's *prior express written consent* violates the Act.**

14.     Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

15.     In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

16.     The TCPA regulates, among other things, the use of automatic telephone dialing systems (hereinafter referred to as an "ATDS").

17.     Specifically, the TCPA prohibits the use of an ATDS to place "telemarketing calls" to cellular telephones without the contacted party's *prior express written consent*.  47 C.F.R. §64.1200(a)(2), *emphasis added*.

18.     The TCPA provides a private right of action for violations whereby an aggrieved party may be awarded, in addition to injunctive relief, the greater of actual damages or statutory damages in the amount of $500 for each violation (and up-to $1,500 for each call placed in violation of the statue intentionally, willfully and/or knowingly).

## Responsibility of TDN for violations of the TCPA committed by LGT on behalf of TDN.

19.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it reiterated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violations"[2]  (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. §27(b)).

20.     The FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears the ultimate responsibility for any violations."  See FCC Declaratory Ruling, Memorandum and Order, 10 FCC Rcd. 12391, 12397 (¶13) (1995).

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. §227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 *et seq*.
[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991 ("FCC Declaratory Ruling")*, 23 F.C.C.R. 559, 23 FCC Rcd. 559, 564-65 (¶ 10), 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

21. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously liable under federal common law principles of agency for violations of…section 227(b)…that are committed by third-party telemarketers."[3]

22. More specifically, the May 2013 FCC Ruling held that, even in the absence of evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 F.C.C.R. at 6586 (¶34).

23. The FCC has rejected a narrow view of TCPA liability, including the assertion that a seller's liability requires a finding of formal agency and immediate direction and control over the third-party who placed the telemarketing call. *Id*. at n. 107.

24. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information.  The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark, and service mark may also be relevant.  It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts.  Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

28 F.C.C.R. at 6592 (¶46).

---

[3] In the Matter of The Joint Petition filed by DISH Network, LLC, the United States of America, and the States of California, Illinois, North Carolina, and Ohio for Declaratory Ruling Concerning the Telephone Consumer Protection Act (TCPA) Rules, et al., CG Docket No. 11-50, 28 F.C.C.R. 6574, 6574 (¶1) (May 9, 2013) ("May 2013 FCC Ruling").

25. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships…through discovery, if they are not independently privy to such information." *Id*. at 6595-93 (¶46). Moreover, evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable customer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id*. at 6593 (¶46).

26. TDN is legally responsible for ensuring that any telemarketing calls placed on its behalf by LGT were made in compliance with the TCPA, even if TDN did not itself place the call.

## PLAINTIFF'S FACTUAL ALLEGATIONS

### www.Tax10000.com

27. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

28. Plaintiff has a cellular telephone number that he has used for many years. Plaintiff has only used this number as a cellular telephone number, and Plaintiff's cellular telephone number has not been ported from a wireline service.

29. Plaintiff, on or about December 26, 2013, disclosed his first name, last name, address, cellular telephone number and email address though the "lead form" on the website www.Tax10000.com.

30. At the time Plaintiff disclosed his first name, last name, address, cellular telephone number and email address to www.Tax10000.com, no disclosure was made that his contact information would be used to place telemarketing calls to his cellular telephone using an ATDS.

31.     Plaintiff has not otherwise provided his prior express written consent, as defined by 47 C.F.R. §64.1200(a)(2), to be contacted by Defendants for telemarketing purposes using an ATDS.

32.     The website, www.Tax10000.com, is owned, maintained, controlled, and otherwise operated by LGT.

33.     Upon information and belief, LGT, on a pay-per-lead basis, provided Plaintiff's contact information to TDN.

## Telemarketing Calls from TDN

34.     Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

35.     TDN, on or about December 26, 2013, began placing calls to Plaintiff's cellular number.  Plaintiff's caller-id indicated that the calls were placed from (904) 421-4437 and (214) 531-3133.

36.     Since the time Plaintiff disclosed his contact information through www.Tax10000.com, TDN has placed 10 calls to Plaintiff's cellular telephone.

37.     As evidenced by the tell-tale pause before an operator began to speak, and the fact that each call answered by Plaintiff resulted in Plaintiff being connected to a different sales agent, the telephone calls placed to Plaintiff's cellular telephone were made by TDN using an ATDS, as defined in 47 U.S.C. §227(a)(1).  The factual allegations of this paragraph are likely to have more evidentiary support after Plaintiff has been granted a reasonable opportunity to conduct further investigation and discovery.

38.     The telephone calls placed to Plaintiff's cellular telephone by TDN were not made for "emergency purposes," as defined in 47 C.F.R. §64.1200.

39. The telephone calls placed to Plaintiff's cellular telephone were made by TDN, using an ATDS, as a "telemarketing call" or "telephone solicitation," as defined in 47 U.S.C. § 227(a)(4).

40. All of the telemarketing calls placed to Plaintiff's cellular telephone by TDN using an ATDS have been made intentionally, without Plaintiff's prior express written consent, and in plain violation of the TCPA.

41. As a result of TDN's conduct in violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 for each of the telemarketing calls placed to Plaintiff's cellular telephone using an ATDS.

42. Because each of the telemarketing calls placed to Plaintiff's cellular telephone using an ATDS were made intentionally, willfully and/or knowingly by TDN, an award of statutory damages of may be increased to as much as $1,500.00 for each of the subject telemarketing calls.

43. Plaintiff is entitled to injunctive relief to prohibit further telemarketing calls being placed to his cellular telephone by TDN using an ATDS.

### Alternatively, some (or all) of the subject Telemarketing Calls were placed by LGT on behalf of TDN

44. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

45. Upon information and belief, TDN oversees and controls the actions of LGT generally, but particularly with respect to telemarketing.

46. Upon information and belief, TDN directly solicited business using LGT.

47. LGT, on or about December 26, 2013, began placing calls to Plaintiff's cellular number on behalf of TDN using the information disclosed by Plaintiff through

www.Tax10000.com. Plaintiff's caller-id indicated that the calls were placed from (904) 421-4437 and (214) 531-3133.

48. Since the time Plaintiff disclosed his contact information through www.Tax10000.com, LGT has placed 10 calls to Plaintiff's cellular telephone on behalf of TDN.

49. As evidenced by the tell-tale pause before an operator began to speak, and the fact that each call answered by Plaintiff resulted in Plaintiff being connected to a different sales agent, the telephone calls placed to Plaintiff's cellular telephone were made by LGT, on behalf of TDN, using an ATDS, as defined in 47 U.S.C. §227(a)(1). The factual allegations of this paragraph are likely to have more evidentiary support after Plaintiff has been granted a reasonable opportunity to conduct further investigation and discovery.

50. The telephone calls placed to Plaintiff's cellular telephone by LGT on behalf of TDN were not made for "emergency purposes," as defined in 47 C.F.R. §64.1200.

51. The telephone calls placed to Plaintiff's cellular telephone were made by LGT on behalf of TDN, using an ATDS, as a "telemarketing call" or "telephone solicitation," as defined in 47 U.S.C. § 227(a)(4).

52. All of the telemarketing calls placed to Plaintiff's cellular telephone by LGT on behalf of TDN using an ATDS have been made intentionally, without Plaintiff's prior express written consent, and in plain violation of the TCPA.

53. As a result of LGT's conduct in violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 for each of the telemarketing calls placed to Plaintiff's cellular telephone using an ATDS.

54. Because each of the telemarketing calls placed to Plaintiff's cellular telephone using an ATDS were made intentionally, willfully and/or knowingly by LGT on behalf of TDN,

an award of statutory damages of may be increased to as much as $1,500.00 for each of the subject telemarketing calls.

55.     Because LGT and TDN acted in concert to place calls to Plaintiff's cellular telephone number in violation of the TCPA, liability for these violations is joint and several among LGT and TDN.

56.     Plaintiff is entitled to injunctive relief to prohibit further telemarketing calls being placed to his cellular telephone by LGT on behalf of TDN using an ATDS.

### Apparent Authority of LGT to place telemarketing calls on behalf of TDN

57.     The LGT "lead form" contained on the website, www.Tax10000.com, asked specific information regarding the amount of tax debt owed by Plaintiff; information used by TDN to determine whether to accept Plaintiff as a client. Thus, LGT, upon information and belief, "allowed [LGT] access to information and systems that normally would have been within [TDN's] exclusive control, including…access to detailed information regarding the nature and pricing of [TDN's] products and services," as discussed in the May 2013 FCC Ruling; as such, LGT is an apparent agent of TDN.

58.     Further, each of the customer service representatives that spoke to Plaintiff (when he answered a call made by LGT on behalf of TDN using an ATDS) identified himself or herself as calling on behalf of TDN.  Thus, LGT, upon information and belief, had authority to use TDN's "trade name, trademark and service mark," as discussed in the May 2013 FCC Ruling; as such, LGT is an apparent agent of TDN.

**Ratification by TDN of the telemarketing calls placed by LGT on behalf of TDN**

59. In the alternative, by accepted clients generated by LGT, TDN repeatedly ratified LGT's illegal marketing scheme by knowingly accepting the benefits of LGT's telemarketing calls.

60. While any disclosure that the contact information collected will be used to place telemarketing calls to cellular telephones using an ATDS is conspicuously absent from www.Tax10000.com, such a disclosure is clearly made on TDN's own website. Thus, upon information and belief, TDN was aware, or should have reasonably been aware, that LGT was placing telemarketing calls on its behalf using an ATDS to consumers that had not provided prior express written consent.

## CLASS ACTION ALLEGATIONS

61. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

62. Plaintiff brings this action individually and on behalf of all other persons similarly situated (hereinafter referred to as "the Class") pursuant to Rule 23, *Federal Rules of Civil Procedure*.

63. Plaintiff proposes the following Class definition, subject to amendments as appropriate:

> All persons within the United States who disclosed their contact information through the website www.Tax10000.com since 12:01 a.m. on October 16, 2013, and then received a telephone call that included or introduced an advertisement or constituted telemarketing from TDN, and/or LGT on behalf of TDN, to a cellular telephone that was placed by an automatic telephone dialing system.

Collectively, all these persons will be referred to as "Class Members." Plaintiff represents, and is a member of, the Class.

64. Excluded from this Class are all persons who have already settled or otherwise compromised their claims against Defendants.  Also excluded from the Class are the Defendants, and any entity in which the Defendants have a controlling interest, the Defendants' agents and employees, and Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and all people who submit timely and otherwise proper requests to for exclusion from the Class.

65. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class Members number, at minimum, in the thousands.

66. Plaintiff and all Class Members have been harmed by the acts of the Defendants.

67. This Class Action seeks injunctive relief and money damages.

68. The joinder of all Class members is impracticable due to the size of the Class and the relatively modest value of each individual claim.

69. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

70. The Class can be identified easily through records maintained by Defendants. Specifically, each Class Member provided LGT, through the lead form on the website www.Tax10000.com, his or her first name, last name, address, telephone number and email address.

71. There are well defined, nearly identical, questions of law and fact affecting all parties.

72. Such common questions of law and fact include, but are not limited to, the following:

      a.      Whether TDN, and/or LGT on behalf of TDN, used an automatic telephone dialing system to place non-emergency telephone calls to Class Members' cellular telephones;

      b.      Whether Defendants can meet their burden of showing that they obtained prior express written consent to use an automatic telephone dialing system to place non-emergency telephone calls to Class Members' cellular telephones;

      c.      Whether Defendants' conduct was knowing and/or willful;

      d.      Whether Defendants are liable for statutory damages; and,

      e.      Whether Defendants should be enjoined from engaging in such conduct in the future.

73. As a person who received non-emergency telephone calls on his cellular telephones placed by TDN, and/or LGT on behalf of TDN, using an automatic telephone dialing system, without Plaintiff's prior express written consent to Defendants as defined by the TCPA, Plaintiff asserts claims that are typical of each Class Member who also received such telephone calls.

74. Plaintiff will fairly and adequately represent and protect the interests of the Class.

75 Plaintiff has no interests that are antagonistic to any Class Member.

76. Plaintiff has retained counsel experienced in handling claims involving violations of federal consumer protection statutes, including claims under the TCPA.

77. A class action is the superior method for the fair and efficient adjudication of this controversy.

78. Class wide relief is essential to compel Defendants to comply with the TCPA.

79. The interest of the Class Members in individually pursuing claims against Defendants is slight because the statutory damages for an individual action are relatively small, and are therefore not likely to deter Defendants from engaging in the same behavior in the future.

80. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue were all non-emergency telephone calls placed to Class Members' cellular telephones by TDN, and/or LGT on behalf of TDN, using an automatic telephone dialing system without Class Members' prior express written consent as required by the TCPA.

81. Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.

82. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *et seq*.

83. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

84. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §227 *et seq*.

85. As a result of Defendants' violations of 47 U.S.C. §227 *et seq.*, Plaintiff and each Class Member is entitled to an award of $500.00 in statutory damages for each call made in violation of the statute, pursuant to 47 U.S.C. §227 (b)(3)(B).

86. Plaintiff and Class Members are also entitled to, and do seek, injunctive relief prohibiting Defendants violation of the TCPA in the future.

87. Plaintiff and Class Members are also entitled to an award of attorney's fees and costs.

## SECOND COUNT

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 *et seq*.

88. Plaintiff incorporates and realleges each and every allegation set forth above and incorporates the same herein by reference.

89. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each of the above-cited provisions of 47 U.S.C. §227 *et seq*.

90. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. §227 *et seq.*, Plaintiff and each Class Member is entitled to treble damages of up to $1,500.00 for each call made in violation of the statute, pursuant to 47 U.S.C. §227 (b)(3).

91. Plaintiff and Class Members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

92. Plaintiff and Class Members are also entitled to an award of attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, Plaintiff prays that this Honorable Court grant Plaintiff and all Class Members the following relief:

A. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyer representing Plaintiff as counsel for the Class;

B. As a result of Defendants' statutory violations of 47 U.S.C. §2727(B)(1), Plaintiff seeks for himself and each Class Member $500.00 in statutory damages for each call that violated the TCPA, to be paid jointly and severally by Defendants;

C. As a result of Defendants' willful and/or knowing violations of 47 U.S.C. §2727(B)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, of up to $1,500.00 for each call that violated the TCPA, to be paid jointly and severally by Defendants;

D. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future;

E. An award of attorneys' fees and costs to counsel for Plaintiff and the Class, to be paid jointly and severally by Defendants; and,

F. Such other, further, and different relief to which Plaintiff and the Class Members may be entitled and that this Honorable Court may deem just and proper.

## JURY DEMAND

Due to the intentional and premeditated actions of Defendant, Plaintiff, on behalf of himself individually and all other similarly situated, has come to this Honorable Court and demanded judgment against Defendants in an amount in excess of the minimum jurisdictional

limits of this Court, plus interest, the costs incurred in this action, and for such other, further, and different relief to which Plaintiff may be entitled and that this Honorable Court may deem just and proper.  In order to fairly determine the validity of the facts set forth herein and determine the amounts due Plaintiff and Class Members from Defendant, Plaintiff, on behalf of himself individually and all other similarly situated, herby **DEMANDS TRIAL BY STRUCK JURY.**

        Respectfully submitted,

        <u>s/ John R. Cox</u>
        John R. Cox (COX030)
        Attorney for Plaintiff and Proposed Class
        9786-A Timber Circle
        Spanish Fort, Alabama 36527
        251.517.4753
        jrc@jrcoxlaw.com

**<u>Defendants to be served via certified mail as follows:</u>**

Tax Defense Network, Inc.
c/o Warren J. Stamm, Esquire, its Registered Agent
13901 Sutton Park Drive, South, Blvd. A, Suite220
Jacksonville, Florida 32224

Lead Generation Technologies, Inc.
c/o Timothy F. O'Brien, its Registered Agent
660 Newport Center Drive, #1600
Newport Beach, California 92660